UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN O'MARA et al., )
 )
    Plaintiffs, )
 )
vs. ) Case No. 4:18 CV 96 (JMB)
 )
SCALES PLUMBING CO., LLC, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for partial default judgment in the amount of $113,792.26, and for an order compelling defendant Scales Plumbing Co., LLC, to account for all amounts owed for the period from February 1, 2015 through the present.

### I.  Background

Plaintiffs bring this action to collect delinquent fringe benefit contributions and union dues pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are the Plumbers and Pipefitters Local 562 (the Union) and four employee benefit plans (the Welfare Educational Fund, the Pension Fund, the Supplemental Pension Plan and Trust, and the International Training Fund) and their trustees (collectively, the Funds). Defendant is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Complaint at ¶ 7 [Doc. # 1]. In addition, defendant is party to a collective bargaining agreement with the Union, and is bound by various trust agreements relating to the Funds. Id. at ¶¶ 8-9. Plaintiffs allege that defendant failed to

make contributions and dues payments to the Funds as required by the terms of the collective bargaining agreement. Id. at ¶ 11. The summons and a copy of the complaint were served on defendant on January 25, 2018. Defendant did not file an answer or other responsive pleading and, on April 2, 2018, the Clerk of Court entered default against defendant.

**II.     Discussion**

Plaintiffs seek an order compelling defendant Scales Plumbing Co., LLC, to produce its payroll registers and other documents needed to perform an audit for the period from February 1, 2015, to the present. Rule 55(b)(2)(A), Fed.R.Civ.P., allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages without examining Scale Plumbing's books and records for the period beginning February 1, 2015. The information obtained through the examination is necessary to enable the Court to enter judgment in the correct amount and plaintiffs' motion for an order compelling defendant to submit to an audit will be granted.

Plaintiffs also move for default judgment in the amount of $113,792.26 for unpaid fringe benefit contributions, liquidated damages, interest and dues, and attorneys' fees, for the period from November 1, 2017, through January 31, 2018. See Affidavit of Mark Collom. at ¶ 7 [Doc. # 6-4]; Spreadsheet [Doc. # 6-9]; Affidavit of Michael Evans [Doc. # 6-3]. Until they obtain an accounting, plaintiffs cannot seek a judgment that adjudicates all of their claims. And, the partial judgment they presently seek amounts to an interlocutory judgment, which they cannot immediately execute. See Painters Dist. Council No. 2 v. Wynn, No. 4:13-CV-1995 CAS, 2014 WL 1365701, at *1–2 (E.D. Mo. Apr. 7, 2014); see also Rule 54(b), Fed.R.Civ.P. ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties does not end the action and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "It is well established that execution ordinarily may issue only upon a final judgment." Wynn, 2014 WL 1365701, at *2 (quoting Gerardi v. Pelullo, 16 F.3d 1363, 1371 n .13 (3d Cir. 1994)); see also Painters District Council No. 2 v. Diversified Drywall Sys., Inc., No. 4:11–CV–1823 CEJ (Mem. and Order of Apr. 9, 2012, at 2) ("The Court intends to enter a single judgment that encompasses the entire amount owed to plaintiffs.").

Plaintiffs may file an amended motion for default judgment once they have examined the financial records of defendant Scales Plumbing and ascertained the total amount due and owing by defendant for the time period of February 1, 2015 to date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #6] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' request for an order to compel an accounting is **granted**.

**IT IS FURTHER ORDERED** that defendant Scales Plumbing Co., LLC, shall, not later than **May 15, 2018**, produce for inspection by plaintiffs all payroll registers and other documents reflecting or pertaining to all hours worked by and wages paid to defendants' employees from February 1, 2015, to the present.

_____
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2018.