UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN O'MARA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-00096-SNLJ |
| | ) |
| SCALES PLUMBING CO., LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs' "motion for summary judgment" (#22), which seeks entry of "default judgment" against defendant. Defendant has not responded. For the reasons set forth below, the Court will **DENY** plaintiffs' motion.

**I. BACKGROUND**

Plaintiffs file this action as trustees and labor organizations with an interest in various employee benefit funds established pursuant to a collective bargaining agreement to which defendant is bound. Filing their complaint under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 and the Labor Management Relations Act ("MLRA"), 29 U.S.C. § 185, plaintiffs allege defendant has failed to make contributions to the funds as mandated by the collective bargaining agreement—totaling $120,869.96 in damages.

On January 22, 2018, plaintiffs filed their complaint in this Court. Defendant was served with summons on January 25, 2018. However, despite being served, defendant failed to answer or otherwise respond to the complaint. On April 2, 2018, the Clerk of the

1

Court entered a notation of default against defendant. On April 12, 2018, defendant moved to vacate the Clerk's entry of default. Plaintiffs did not object to the motion to vacate, nor did they object to defendant's request for an extension of time to file an answer by April 27, 2018. A magistrate judge of this Court granted defendant's motion and vacated the Clerk's default. (#12). Defendant filed its answer on April 27, 2018.

On October 16, 2018, plaintiffs filed their present motion which is labeled a "motion for summary judgment," though the remedy sought appears to be for "default judgment." (#22). Indeed, plaintiffs' memorandum in support is labeled "a memorandum in support of motion for partial default judgment and order to compel an accounting." (#22-1). The memorandum makes no argument whatsoever in support of an order to compel an accounting and, therefore, the Court will not address that issue. The remaining paragraphs, however, appear to see default judgment against defendant on the basis of a very brief argument that 29 U.S.C. § 1132 "require[s] the payment of delinquent contributions, interest and liquidated damages [and] also requires the payment of the plan's attorneys' fees and court costs." Notably, plaintiffs' motion also includes, as an exhibit, a "statement of undisputed facts"—though they are never cited to in the motion or memorandum. (#22-8).

## II. ANALYSIS

The content, not the caption, of a motion controls its disposition. *See Estate of Snyder v. Julian*, 789 F.3d 883, 886 (8th Cir. 2015) (*citing Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)). While the brevity of plaintiffs' motion and supporting memorandum makes it difficult to know precisely what plaintiffs seek—either default

judgment or summary judgment—the Court recognizes that plaintiffs have filed statements of undisputed fact, which defendant failed to answer. Thus, not only does it appear that plaintiffs are seeking summary judgment, but, pursuant to Local Rule 7-4.01(E), their unanswered statements are properly deemed admitted. *See* E.D. Mo. L.R. 7-4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party"); *see also Northwest Bank and Trust Co. v. First Illinois Nat'l Bank*, 354 F.3d 721, 724-725 (8th Cir. 2003) (affirming district court that deemed admitted all statements of fact by party moving for summary judgment where non-movant failed to abide by local rule).

Still, Rule 56(e)(3) of the Rules of Civil Procedure mandates that the Court may, in its discretion, grant summary judgment only "if the motion and supporting material—including the facts undisputed—show that movant is entitled to it." FED. R. CIV. P. 56(e)(3); *see also Fever v, Westin, St. Louis*, 2013 WL 5966046 at *2 (E.D. Mo. Nov. 8, 2013) ("even where all of movant's statements of fact are deemed admitted, the Court must look at the entire record to determine whether summary judgment is warranted"). Thus, even though plaintiffs' statements of fact are deemed admitted here, the Court "[will] proceed to examine those portions of the record properly before [it] and decide for [itself] whether the motion is well taken." *Fever*, 2013 WL 5966046 at *2 (*quoting Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997)). Moreover, "even on an unopposed motion for summary judgment, [this] Court [will] review the facts in a light most favorable to the party who would be opposing the motion." *Id*.

The problem for plaintiffs is that this Court cannot find, even if the fact of delinquency or outright non-payment is admitted, that plaintiffs are entitled to the amounts they say they are owed. Their damages are summarily stated in an affidavit by Mark Collom (#22-7), executive director of the relevant funds, but Collom's calculations refer to a spreadsheet (#22-6) that, itself, seems only loosely tied to a collection of remittance records (#22-5). For example, plaintiffs seek $5,305.54 in liquidated damages and $773.72 in interest for the delinquent payment of $26,527.68 for the November 2017 reporting period. The spreadsheet says that payment was made not one month later on December 15, 2017—as is required by the parties' agreements—but instead was made on April 20, 2018, entitling plaintiffs to the aforementioned amounts. Yet, a review of the record supporting the spreadsheet demonstrate only that it unclear when, in fact, defendant paid the amount owed—if it was on April 20, 2018, or some other date. And this particular factual wrinkle was not set out in plaintiffs' statements of fact that would otherwise be deemed admitted by operation of Local Rule 7-4.01(E) due to defendant's failure to answer; instead, the only fact deemed admitted under Local Rule 7-4.01(E) is that "defendant submitted its November-December 2017 contributions late, incurring liquidated damages and interests." (#22-8).

As another example, plaintiffs seek $2033.06 in liquidated damages, $415.08 in interest, and the payment of $10,165.32 for the March 2018 reporting period, which plaintiffs say was never remitted. Yet, the record supporting the spreadsheet shows that the amount of $10,165.32 was crossed out with a "0" placed next to it; plaintiffs never explain what this means. It is also concerning that, when payments were made (such as

the late payment in November 2017), the records were never updated to reflect this—all of the records have a blank line entitled "check number" whether being used to demonstrate late payment or non-payment. Thus, it seems none of these records do much to prove or disprove whether payment was actually made at some point. And, even more concerning, it seems that when payments were made, the same cross-out line was used as can be found in the March 2018 reporting period. For example, in the November 2017 reporting period—where payment was allegedly made late—the amount of $26,527.68 was crossed out and replaced with "0" next to it. Why, then, does the reporting periods that plaintiffs say were never paid—January, February, March, April, June, July, and August 2018—all have the amounts allegedly owed crossed out with a "0" placed next to them? Plaintiffs never say.

Rule 56(e)(3) makes clear that, just because facts are deemed admitted by the unresponsiveness of the non-movant, the Court is not permitted to simply grant a motion for summary judgment as conceded on the basis of admitted facts. To the contrary, "judgment is granted only after the District Court satisfies itself that the record and any undisputed material facts justify granting summary judgment." *Winston & Strawn, LLP. V. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016) (holding local rule that permitted a failure to respond to summary judgment as essentially an act of "conceding the motion" was inconsistent with Federal Rule of Civil Procedure 56 to the extent that it permitted courts to grant such motions without independent inquiry). Because this Court is not satisfied in its own review of the records that plaintiffs are entitled to summary judgment, their motion will be denied.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment (#22) is **DENIED** without prejudice.

So ordered this 29th day of November 2018.

                                          _____
                                          STEPHEN N. LIMBAUGH, JR.
                                          UNITED STATES DISTRICT JUDGE